IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanette M. Bender,                          :
                Petitioner       :
                                  :
        v.                  :   No. 701 C.D. 2015
                                  :   Submitted:  October 2, 2015
Unemployment Compensation                    :
Board of Review,                             :
                Respondent       :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: December 14, 2015


        Jeanette M. Bender (Claimant), *pro se*, petitions for review of an adjudication of the Unemployment Compensation Board of Review (Board) holding that Claimant was ineligible for unemployment benefits under Section 402(e) of the Unemployment Compensation Law (Law), 43 P.S. §802(e).[1]  In doing so, the Board affirmed the Referee's decision that Claimant committed disqualifying willful misconduct by falsifying her time records in violation of her employer's policy.  We affirm.

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). This section states, in relevant part, that a claimant is ineligible for unemployment benefits when "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is 'employment' as defined in this act[.]"

Claimant was employed as an administrative assistant and medical transcriptionist by Blair Family Solutions LLC (Employer) from May 2013 until she was discharged on November 18, 2014. Claimant's job duties included transcribing client evaluations dictated by Employer's psychologists. The stated reason for Claimant's discharge was her billing for transcription services that she did not actually perform. Claimant applied for unemployment benefits, which were granted by the UC Service Center. Employer appealed and a hearing was held before the Referee.

Employer presented the testimony of its Human Resources Director, Stacy Pastore. Pastore testified that Employer has a written policy prohibiting falsification or material omissions of information on documents including work records, time sheets and billing records. Notes of Testimony, January 9, 2015, at 3 (N.T. __). Employees who violate this policy are subject to immediate discharge. Pastore offered into evidence Claimant's signed acknowledgment that she received Employer's policy.

Pastore testified that Employer's CEO, Jackie Lambert, discovered discrepancies in Claimant's transcription billing during a payroll audit. Pastore offered documentary evidence of four dates on which Claimant billed Employer for transcription services where there was no corresponding client evaluation.[2] Employer met with Claimant on November 18, 2014, to discuss the discrepancies

---

[2] Employer's evidence showed that Claimant charged Employer 4.5 hours on October 12, 2014, 2 hours on October 13, 2014, 4 hours on October 26, 2014, and 8 hours on November 1, 2014. There were no corresponding transcriptions completed by Claimant on those dates. On various other occasions, Claimant billed for transcription time for which Employer did not have any client evaluations.

and, unsatisfied with her explanation, discharged Claimant for violating Employer's policy prohibiting falsification of work records.

Claimant testified that she did not falsify her time records and offered explanations for the discrepancies. Claimant testified, for example, that two of Employer's psychologists, Scott Lambert and Michael Moran, gave her evaluations to transcribe "off the books" for which there would have been no record to cross reference with her time card. Claimant also testified that she would sometimes transcribe an evaluation on the day she received it, then review it and bill for it the next day, resulting in a discrepancy between the date the evaluation was generated and her time record. Claimant further asserted that on some occasions she transcribed evaluations using a different computer, which may have caused Employer to be unaware of the actual date she did the work. Finally, Claimant argued that she was unable to collect any evidence to defend herself because Employer did not allow her to check her email at the meeting on November 18, and when she returned to pick up her paycheck a few days later, she no longer had access to her company email account.

Pastore refuted Claimant's claim that she transcribed evaluations that were never logged, testifying that all of the evaluations done by either Lambert or Moran were accounted for and the discrepancies in Claimant's time records remained. Pastore also testified that following the meeting with Claimant on November 18th, Pastore accompanied Claimant to her desk and gave her an opportunity to check her email.

The Referee credited Pastore's testimony and found that Claimant billed Employer for transcription work she did not perform in violation of Employer's policy. The Referee held that Claimant was ineligible for benefits

under Section 402(e) of the Law, 43 P.S. §802(e), by reason of her willful misconduct. Claimant appealed to the Board and requested a remand so that she could subpoena witnesses.

The Board denied Claimant's remand request, noting that she was afforded the opportunity to subpoena witnesses for the Referee's hearing but did not do so. On the merits, the Board credited Pastore's testimony that Employer had accounted for every client evaluation generated between August and November 2014 and was able to correlate the evaluations with specific transcriptions Claimant had completed and billed Employer for on specific dates. Employer's evidence revealed several dates for which Claimant billed for transcription time where there was no corresponding evaluation. The Board rejected Claimant's testimony as not credible. Based on these findings, the Board held that Claimant committed disqualifying willful misconduct and affirmed the Referee's denial of benefits under Section 402(e) of the Law. Claimant petitioned for this Court's review.

On appeal,[3] Claimant raises several issues.[4] First, Claimant argues that the Board erred in denying her request for a remand hearing. Second, Claimant challenges several of the Board's factual findings as not supported by substantial evidence. Third, Claimant asserts that the Board erred in concluding that she committed disqualifying willful misconduct.

---

[3] Our review is to determine whether the Board's findings of fact are supported by substantial evidence in the record, whether errors of law were committed or whether constitutional rights were violated. *UGI Utilities, Inc. v. Unemployment Compensation Board of Review*, 851 A.2d 240, 245 n.7 (Pa. Cmwlth. 2004).

[4] We have reordered Claimant's issues for purposes of our analysis.

4

Claimant first argues that the Board erred in denying her request for a remand so that she could subpoena witnesses and obtain documentation from Employer helpful to her case. Under Section 506 of the Law, 43 P.S. §826, and the Department of Labor's regulations,[5] a referee can issue subpoenas to compel the attendance of witnesses and the production of relevant documents. A referee has no duty to subpoena witnesses unless a claimant makes a timely application. *Farmland Industries, Inc. v. Unemployment Compensation Board of Review*, 478 A.2d 524, 526 (Pa. Cmwlth. 1984).

Here, the notice of hearing sent to Claimant advised her of her right to request the Referee to subpoena witnesses and documents that could be relevant to her case. Claimant made no such request before or at the Referee hearing. Because Claimant was not entitled to the proverbial second bite at the apple, the Board did not err in denying her request to remand the matter.

Claimant next challenges several of the Board's factual findings as not supported by substantial evidence.[6] We briefly address these claims *seriatim*.

---

[5] Section 506 of the Law states, in pertinent part:

> The department and the board shall have power to issue summons or subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda, and other records deemed necessary as evidence in connection with a disputed claim or the administration of this act.

43 P.S. §826. The applicable regulation provides:

> The issuance of subpoenas to compel the attendance of witnesses and the production of books, papers, correspondence, memoranda and other records and documents, may be obtained on application to the Board, referee, or at any local employment office.

34 Pa. Code §101.31.

[6] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1387 (Pa. 1985). "In determining whether there is substantial evidence to support the Board's findings, this Court must examine the testimony in the light most favorable to the **(Footnote continued on the next page . . . )**

Claimant first challenges Finding of Fact No. 1, wherein the Board found she made $11.40 per hour. Claimant asserts that she made $16.00 per hour. However, Claimant's own testimony established that she earned $11.40 per hour at the time of separation. N.T. 3. There is no evidence in the record to contradict this finding and, in any event, it is irrelevant to the issue of Claimant's eligibility for benefits under Section 402(e) of the Law, 43 P.S. §802(e).

Claimant next challenges Findings of Fact No. 8-11, wherein the Board found that there were four specific dates where Claimant billed Employer for transcription work for which Employer had no corresponding client evaluations.[7] The findings are all supported by Pastore's credited testimony and the time cards Employer entered into evidence. We reject Claimant's argument.

Finally, Claimant challenges Findings of Fact No. 13-14. These findings concerned an e-mail Claimant sent to Employer after she was discharged, in which she claimed that her billing for one of the disputed dates, November 1, 2014, was accurate.[8] The Board found that Employer's documentary evidence

---

**(continued . . . )**
prevailing party, giving that party the benefit of any inferences that can logically and reasonably be drawn from the evidence." *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). When substantial record evidence supports the Board's findings, they are binding on appeal. *Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841, 843 (Pa. Cmwlth. 2005).
[7] *See* n.2, *supra*.
[8] The challenged findings stated:

> 13. Subsequent to the claimant's discharge, the claimant e-mailed the employer and indicated that she had found an example of transcription time she had billed for which was properly billed to transcribe client evaluations.

> 14. The claimant referenced the billing which she had provided on November 1, 2014; however, when the employer reviewed that date the employer determined

**(Footnote continued on the next page . . . )**

6

refuted Claimant's claim. Pastore's credited testimony supports the Board's findings and, for that reason, we reject Claimant's argument.

In summary, there was substantial evidence to support the Board's Findings of Fact No. 1, 8-11, and 13-14; therefore, these findings are binding on appeal. *Brannigan*, 887 A.2d at 843. To the extent Claimant is arguing that the Board improperly credited Employer's evidence, her claims are unavailing. It is well settled that the Board, as the ultimate factfinder in unemployment compensation matters, resolves all conflicts in the evidence and assesses the credibility of witnesses. *Henderson*, 77 A.3d at 718. "It is irrelevant whether the record contains evidence to support findings other than those made by the factfinder; the critical inquiry is whether there is evidence to support the findings actually made, which is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wise v. Unemployment Compensation Board of Review*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015).

In her final assignment of error, Claimant argues that the Board erred in holding that she committed disqualifying willful misconduct. Willful misconduct has been judicially defined as, *inter alia*, a deliberate violation of an employer's rule or policy. *Frumento v. Unemployment Compensation Board of Review*, 351 A.2d 631, 632 (Pa. 1976). If a claimant is discharged for violating a work rule, the employer bears the initial burden of showing "the existence of a

---

**(continued . . . )**
> that the transcription which the claimant was referencing was actually transcribed on another date and this was merely the received date and therefore not appropriate to be billed by the claimant on November 1, 2014.

Board Adjudication at 2; Findings of Fact No. 13-14.

work rule and that the claimant violated the rule." *ATM Corporation of America v. Unemployment Compensation Board of Review*, 892 A.2d 859, 865 (Pa. Cmwlth. 2006). "Once the employer establishes those elements, the burden then shifts to the claimant to show that she had good cause to violate the rule." *Id*. Good cause exists "where the action of the employee is justified or reasonable under the circumstances." *Frumento*, 351 A.2d at 634.

Here, Claimant was aware that Employer had a policy that prohibited employees from falsifying their time sheets and billing records. Employer's evidence established that Claimant violated Employer's policy by billing Employer for transcriptions that she did not actually perform. Because Claimant offered no credible justification for her actions, she failed to establish good cause for violating Employer's policy. Thus, the Board did not err in deciding that Claimant was ineligible for benefits under Section 402(e) of the Law, 43 P.S. §802(e).

For all of the foregoing reasons, we affirm the Board's order.

_____
MARY HANNAH LEAVITT, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanette M. Bender,           :
          Petitioner    :
                             :
          v.            :  No. 701 C.D. 2015
                             :
Unemployment Compensation    :
Board of Review,             :
          Respondent   :

## **O R D E R**

AND NOW, this 14th day of December, 2015, the order of the Unemployment Compensation Board of Review dated March 2, 2015, in the above-captioned matter is AFFIRMED.

 

_____
MARY HANNAH LEAVITT, Judge